IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Eugene Traverso,<br><br>               Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>               Respondents. | No. CV-13-0224-PHX-DLR (JZB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:

      Pursuant to an Order referring this matter to this Court for a determination of whether equitable tolling applies, and, if so, for a recommendation on the merits (Doc. 37), the Court submits this Report and Recommendation.

**I.    SUMMARY OF CONCLUSION**

      Petitioner's counsel relied upon a deadline calculation provided by a non-lawyer contractor. The calculation was wrong. The contractor and counsel failed to appreciate what counsel agrees was a "relatively simple statutory framework in calculation of the deadline." (Doc. 47 at 15.) The hidden illness of a contractor does not alter the fact that Petitioner, through his agent, miscalculated the date. Because the law is well-established that miscalculations of a deadline do not warrant equitable tolling, the Court recommends that no equitable tolling be applied in this case.

## II. APPLICABLE LAW

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244.

### A. EQUITABLE TOLLING

"A petitioner who seeks equitable tolling of AEDPA's 1–year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights. *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010)." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015). "Under [Ninth Circuit] cases, equitable tolling is available . . . only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Curiel v. Miller*, 780 F.3d 1201, 1205 (9th Cir. 2015) (citation and internal quotation marks omitted).

Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling "is unavailable in most cases," and "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotations omitted).

"Courts take a flexible, fact-specific approach to equitable tolling." *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014). The grounds for granting equitable or statutory tolling are "highly fact-dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc). The petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

#### 1. Miscalculation of Time Limits

It is well settled, and undisputed by the parties, that negligence in calculating

filing dates is insufficient to merit equitable tolling. (Doc. 47 at 5, 9.) "*Holland* held that 'garden variety claim[s] of excusable neglect'—such as 'simple miscalculation' of time limits—do not constitute an extraordinary circumstance." *Gibbs*, 767 F.3d at 885. The Court in *Gibbs* noted Justice Alito's logic was instructive on this point. "[T]he principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control." *Id.* (citation omitted). Thus, mere negligence or professional malpractice[1] is insufficient to justify tolling. *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). Instead, an attorney must have committed "egregious misconduct" for equitable tolling to apply. *Shannon v. Newland*, 410 F.3d 1083, 1090 (9th Cir. 2005).

## 2. Attorney Misconduct

Ordinarily, a federal habeas petitioner is "bound by his attorney's negligence, because the attorney and the client have an agency relationship under which the principal is bound by the acts of the agent." *Towery v. Ryan*, 673 F.3d 933, 941 (9th Cir. 2012). However, an attorney's "virtual abandonment" of a client may constitute an extraordinary circumstance because "under agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Maples v. Thomas*, 132 S.Ct. 912, 923 (2012).[2]

---

[1] "Although an attorney's behavior can establish the extraordinary circumstances required for equitable tolling, mere negligence or professional malpractice is insufficient." *Hunter v. Galaza*, 366 Fed.Appx. 766, 767, 2010 WL 582674, 1 (9th Cir. 2010) (unpublished).

[2] Examples of attorney abandonment, not applicable here, include an attorney's refusal to file a petition at the client's request, *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir.2003), and an attorney's "near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years," *Holland*, 130 S.Ct. at 2568 (Alito, J., concurring).

## III. DISCUSSION

Petitioner argues that equitable tolling should apply in this case because his counsel engaged in "egregious misconduct" by failing "to realize the mental and physical circumstances and background of [the third-party contractor] through the time period [the contractor] was working on" Petitioner's petition. (Doc. 47 at 5.) For the reasons below, the Court rejects this argument.

### A. Reliance on a Third Party

The fact that an attorney relied on a third party's calculation of a deadline is not an extraordinary circumstance justifying equitable tolling. When a petitioner relies upon an agent to assist with the calculation of a deadline, the petitioner is responsible whether that agent is an attorney or a third party. It makes no difference, therefore, that Petitioner's agent relied upon someone else to calculate a deadline. Ultimately, Petitioner—perhaps with the advice of counsel or others—bore the responsibility of calculating the deadline. To hold otherwise would produce an incongruous result: a petitioner's or attorney's miscalculation would not yield equitable tolling, yet reliance on a third-party miscalculation would yield equitable tolling. Such a position is untenable.

Here, the miscalculation of the filing deadline is negligence that does not justify equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel."); *United States v. Aguirre–Ganceda*, 592 F.3d 1043, 1046 (9th Cir. 2010) ("Extraordinary circumstances do not include a lawyer's miscalculation of a limitation period.").

### B. Reason for Miscalculation

Petitioner's reason for the legal miscalculation of the deadline is not an extraordinary circumstance. A petitioner or agent's education, reliance on a paralegal, or reliance on a third party is insufficient to justify equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (affirming denial of equitable tolling because petitioner's inability to correctly calculate the limitations period was not an extraordinary

circumstance); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (affirming denial of equitable tolling where "paralegal made a clerical error and skipped a month when counting days and marking the calendar" even though petitioner asserted she "regularly checked with her lawyer" and requested the staff diligently post several reminders before the deadline).

### C.   Health of C.S.

Illness by a petitioner may be cause for equitable tolling.  A mental impairment amounts to an "extraordinary circumstance" warranting equitable tolling if the impairment (1) was "so severe that the petitioner was unable personally . . . to understand the need to timely file . . . a habeas petition," and (2) "made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010).  Here, Petitioner does not argue that he was impaired. Moreover, counsel was not impaired.[3]  Instead, counsel relied on a third party who was impaired.

The Court finds that the illness of C.S. is insufficient to justify equitable tolling. The sole cause of the miscalculation was counsel's unfortunate failure to properly calculate a deadline.  Counsel concedes that C.S. "missed what would be a relatively simple statutory framework in calculation of the deadline to a normal habeas attorney." (Doc. 47 at 15.) Counsel explains the reason for the miscalculation, along with C.S.'s incapacity, was that (1) "the file provided by (Petitioner) did not contain a copy" of an order denying review, and (2) "the contractor" was "unaware of the *Hemmerle*[4] decision"

---

[3] Respondent cites to *Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003), in which the Seventh Circuit Court stated that "attorney incapacity is equivalent to attorney negligence for equitable tolling purposes" and "no principled distinction exists between incapacity and negligence for equitable tolling purposes." (Doc. 29 at 19.) The Court does not adopt this absolute position because it is possible that an attorney's incapacity could result in abandonment. *See Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 F.3d 1177, 1180 (6th Cir. 1995) ("If Cantrell pursued his claim diligently, yet was abandoned by his attorney due to his attorney's mental illness, equitable tolling may be appropriate."). Importantly, however, the Court does not find that Petitioner was abandoned by his counsel due to mental impairment.

[4] *Hemmerle v. Schriro*, 495 F.3d 1069 (9th Cir. 2007).

and "incorrectly docketed February 6, 2012" as a dispositive date. (Doc. 20 at 10.) The appellate orders in this case were publicly available. Counsel (and to a lesser extent, non-lawyer C.S.) should have been aware of *Hemmerle,* which was well-established law long before this habeas case began.

Counsel had almost nine months to review the file and correctly calculate the deadline. The fact that counsel relied on a third party to assist with the calculation is not an extraordinary circumstance.

### D. Abandonment/Egregious Behavior

Although abandonment or egregious behavior can warrant equitable tolling, counsel's conduct does not satisfy those standards. Petitioner was not abandoned by his attorney. In *Maples*, the Court explained that while agency law binds clients, including federal habeas petitioners, to their attorneys' negligence, "a client cannot be charged with the acts or omissions of an attorney who has abandoned him." *Id*. at 924. Courts are charged with adopting a "case-by-case" approach, drawing "upon decisions made in other similar cases for guidance." *Bills*, 628 F.3d at 1096–97. A review of cases cited by Petitioner demonstrates that he was not abandoned by his attorney.

In *Holland*, the Supreme Court held that an attorney's conduct could amount to "egregious behavior" where the attorney (1) failed to file a federal habeas petition despite his client's request to do so, (2) failed to advise the client about the fact that the Florida Supreme Court had decided his case, and (3) failed to communicate with his client over a period of years despite pleas from petitioner. *Holland*, 130 S.Ct. at 2563. Here, counsel laudably communicated with Petitioner during the representation, counsel "diligently and regularly communicated with C.S. on the status of the petition," and counsel required written correspondence from C.S. regarding the deadline calculation. (Doc. 47 at 14.)

There is no allegation that counsel failed to communicate with Petitioner or failed to respond to Petitioner's inquiries with respect to preparation of the Petition. In fact, Petitioner's counsel professionally and consistently communicated with Petitioner. Nor can it be said that Petitioner was left without functioning counsel, as occurred in *Maples*.

Instead, Petitioner argues that the contractor failed to properly calculate the filing deadline. This is nothing more than ordinary negligence, not abandonment.

The Court has considered the cases cited by Petitioner, but finds that the facts of those cases are distinguishable. *See Doe v. Busby*, 661 F.3d 1001, 1013–1015 (9th Cir. 2011) (finding extraordinary circumstances where attorney failed to file a timely petition despite numerous promises to the contrary; petitioner's three-and-a-half-year delay in eventually filing a pro se petition attributable to having been deceived, bullied and lulled by apparently inept and unethical lawyer); *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (allowing equitable tolling where petitioner's counsel was hired almost a year in advance, failed to do anything to prepare the petition or to respond to numerous letters and phone calls, and withheld petitioner's file for over two months after the limitations period expired); *Gibbs* (finding equitable tolling where counsel failed, despite the petitioner's repeated inquiries, to inform that the state court had denied the appeal state post-conviction petition). Petitioner points to no comparable abandonment by counsel.

Here, Petitioner knew his state court appeals had concluded. Petitioner hired counsel to assist with his habeas petition. Counsel communicated with Petitioner, consulted with C.S., reviewed correspondence provided by C.S., and otherwise diligently handled this matter. The sole, unfortunate error was the calculation of the deadline. A simple miscalculation does not warrant equitable tolling.

### E.     Evidentiary Hearing

The Court accepts the parties' Stipulation "that there is no need for an evidentiary hearing and that the facts necessary for a determination of the legal issues can be determined from the pleadings and supporting affidavits presented to the Court." (Doc. 45.) The Court agrees that the record is sufficiently developed for the Court to determine whether equitable tolling should apply in this case. *See Roberts v. Marshall*, 627 F.3d 768, 773 (9th Cir. 2010) (finding "a district court is not obligated to hold evidentiary hearings to further develop the factual record" when the record is "amply developed").

**CONCLUSION**

Based on the above analysis, the Court finds that equitable tolling is not merited in this case. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied as untimely.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

///
///
///
///
///

findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of June, 2015.

Honorable John Z. Boyle
United States Magistrate Judge