IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Eugene Traverso,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan,<br><br>                    Respondent. | No. CV-13-00224-PHX-DLR<br><br>**ORDER**<br><br>**AND**<br><br>**DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge John Z. Boyle, (Doc. 48), regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 1). The R&R recommends that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R. (Doc. 48 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72).) Petitioner filed Objections on June 25, 2015, (Doc. 49), Respondent filed a Response on July 8, 2015, (Doc. 50), and Petitioner filed his Reply on July 10, 2015, (Doc. 51).

**I.   Background**

On February 1, 2013, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) On August 5, 2013, Respondent filed a Limited Answer to Petitioner's Petition, arguing that Petitioner's claims are time-barred, not cognizable, and/or procedurally defaulted. (Doc. 10.) Petitioner filed a Reply in Support

of his Petition on November 15, 2013. (Doc. 17.)

On April 14, 2014, Magistrate Judge Lawrence O. Anderson issued a Report and Recommendation ("R&R") recommending that the Court deny the Petition as untimely. (Doc. 18.) On April 14, 2014, Petitioner filed Objections to Judge Anderson's R&R and raised, for the first time, an equitable tolling argument. (Doc. 20.) On June 12, 2014, Respondent filed a Response to Petitioner's Objections, arguing that equitable tolling did not apply to the facts of this case. (Doc. 29.) Petitioner filed a Reply in Support of his Objections on July 3, 2014. (Doc. 36.) Petitioner asserted that he was entitled to an evidentiary hearing on equitable tolling. (*Id.*)

On September 30, 2014, this Court adopted Magistrate Judge Anderson's determination that, when factoring in the period of time that the statute of limitations was tolled during Petitioner's PCR proceeding, the applicable one-year limitations period expired nearly three months before the Petition was filed. (Doc. 37.) However, this Court referred the matter to Magistrate Judge James F. Metcalf for further proceedings to determine if equitable tolling applied to the facts of the case such that the Petition was timely filed and, if so, for an R&R on the merits. (*Id.*) On October 16, 2014, this matter was reassigned to Magistrate Judge Boyle. (Doc. 41.) On December 4, 2014, the parties filed a Stipulation Re: Request for Evidentiary Hearing wherein the parties stipulated that an evidentiary hearing was not necessary and that the facts necessary to determine the issues raised could be determined from the affidavits and pleadings. (Doc. 45.)

On June 16, 2015, after considering Respondent's Response to Petitioner's Request for Evidentiary Hearing, (Doc. 42), and Petitioner's Response to Respondent's Briefing Re: Equitable Tolling, (Doc. 47), Magistrate Judge Boyle entered his R&R, (Doc. 48), wherein he found that Petitioner's attorney's reliance on a third party's calculation of a deadline is not an extraordinary circumstance justifying equitable tolling. The R&R recommended that the Petition be denied as untimely.

**II. Ruling**

The Court has considered the objections and reviewed the R&R's

recommendations *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a *de novo* determination of those portions of the R&R to which specific objections are made). The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Rule 72(b), Fed. R. Civ. P., and overrules Petitioner's objections. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

**IT IS THEREFORE ORDERED** that the R&R of Magistrate Judge Boyle, (Doc. 48), is **ACCEPTED**.

**IT IS FURTHER ORDERED** that, having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for a Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED** because dismissal of the Petition is justified by a plain procedural bar.

Dated this 30th day of July, 2015.

Douglas L. Rayes
United States District Judge